IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEVEN J. GARVIN,
DIANE GARVIN and I.S.P. CO.,
A West Virginia Corporation,
         Plaintiffs,

v.                              Civil Action No.: 1:04cv73

SOUTHERN STATES INSURANCE
EXCHANGE COMPANY, ANN BORAAS,
and DAVID BURTON,
         Defendants.

## ORDER

Defendants filed their Motion To Quash Subpoena (DE 105, filed June 12, 2007) seeking "an order under FRCivP 45(c)(3)(A) quashing or, in the alternative, modifying the subpoena duces tecum dated June 4, 2007, and which was served on Steptoe & Johnson, PLLC, on June 8, 2007, returnable for June 15, 2007, contending:

    i.       The subpoena was untimely in that discovery in the within civil action closed on June 11, 2007, and compliance with the subpoena could not occur prior to the close of discovery.

    ii.      The subpoena commands the production of items that are subject to the attorney client privilege and the client had not waived the same."

Steptoe & Johnson, PLLC, filed its joinder in Defendant's Motion to Quash or Alternative Motion to Modify Subpoena and Objection to Producing Designated Materials (DE 107) on June 13, 2007, contending that, in addition to the reasons set forth by Defendants:

    i.       The return date of June 15, 2007, fails to allow a reasonable time for compliance in accord with FRCivP 45(c)(3)(A)(i).

    ii.      West Virginia Rule of Professional Conduct 1.6 provides that counsel should not reveal information relating to the representation of a client unless the client consents after consultation and that the client has not consented.

iii. Disclosure violates the work product privilege which is claimed by Steptoe & Johnson, PLLC.

Plaintiffs filed their response (DE 112) on June 25, 2007, asserting: "[t]he present subpoena is a continuing effort initiated by the earlier quashed subpoena to obtain the requested discovery and therefore the Court's close of discovery order does not apply."

Plaintiffs contend they are entitled to any records of Amy Smith and Steptoe & Johnson, PLLC, prior to July 20, 2000, because such records may contain evidence that would support Plaintiffs' claims that 1) Smith was acting as an investigator of the Garvin claims and not as an attorney prior to July 20; 2) Defendants were relying on Smith in her role as investigator and basing their actions in denying the Garvin claims on information that Smith directed and provided; 3) Smith played some role in the June 30, 2000, denial of the Garvins' claim without adequate or complete testing having been done or all of the results being available; and 4) Smith's actions followed by Defendants' actions violated the WVUTPA under the principles laid down in Barefield v. DPIC Companies, Inc., 215 W.Va. 544, syllabus pt. 4, 600 S.E.2d 256 (WV 2004).

Defendants filed their Reply to Response of Plaintiffs Steven Garvin, Diane Garvin and ISP Co., a West Virginia Corporation, to the Defendants' Motion to Quash, or in the Alternative, Motion to Modify Subpoena (DE 114) on July 10, 2007.

## Statement of Relevant Facts

The instant civil action is a third party insurance "bad faith" claim filed against Southern States Insurance Exchange Company and Ann Boraas. The claim arises out of the insurance carrier's alleged mishandling of claims made, which were the subject of now resolved prior civil actions entitled:

Southern States Cooperative, Incorporated, a Virginia Corporation, *Plaintiff*,
v.

ISP Company, Inc., a corporation, and Steven J. Garvin, as President of ISP Company, Inc., and individually, and Diane E. Garvin, as representative of ISP Company, Inc., and individually, *Defendants*
Case Number 1:01-CV-31 (Defamation case)

and

Steven J. Garvin and I.S.P. Co., a corporation, *Plaintiffs*,
v.
Southern States Clarksburg Cooperative, Incorporated, a corporation, *Defendant*
Civil Action No. 01-C-95-1 (Poisoning Plaintiffs' horses with rat poison in horse feed case).

Shortly following the poisoning and after some discussions concerning the losses and claims had taken place between Garvin, Southern States and its insurance adjuster, Steven J. Garvin, President of I.S.P. Company, Inc., mailed a letter to Southern States Clarksburg Co-op, Inc., outlining his allegations of poisoning of his horses, claiming present and futures damages for losses resulting from the alleged poisoning and demanding "payment for damages." The stated alternative to payment was that I.S.P Company, Inc., would pursue "whatever remedies provided by law." The letter further provided that "[i]f remedies provided by law are required to collect damages, this offer will be null and void." The letter was copied to Ann Boraas, claims adjuster for Southern States Insurance Company.

On June 30, 2000, Ann Boraas, writing in behalf of Southern States Insurance Exchange, acknowledged Garvin's claim for "damages arising out of the above captioned incident and your letter dated June 26, 2000." Ms. Boraas also noted "[w]e have carefully evaluated your claim and it is our opinion that the responsibility for this incident does not rest with our insured. The feed supplied you has been tested for toxins and none was found. The blood, liver and stomach contents tests were also negative. Therefore, we regret to inform you that we must respectfully decline to make payment."

The language in the June 30 denial letter was provided to Ann Boraas by Amy Smith.

Boraas testified the reason she decided to deny the claim was: "[b]ecause I knew the facts in the file didn't indicate that there was any damage due to poisoning." Boraas repeatedly testified that she requested input from Smith as to what should go into the denial letter and that she wrote the letter word for word from what Smith said. Plaintiffs' contention that Smith was acting as an investigator of the Garvin claims and not as a lawyer advising her client prior to July 20, 2000, is disputed by the sometimes contradictory deposition testimony of Ann Boraas and may be yet a disputed issue of fact. (Ann Boraas Dep. 64, 65, 66, 67, 325, 143, 341, 348, 349, 350, 351, 352, 353, 354, 429, 450, 488-489.)

Defendants produced their claims files, which included the billing records of Steptoe & Johnson, PLLC. Those records allegedly commence on July 20, 2000. (Plaintiffs' Response, DE 112, pp. 4-5.)

This Court, in a Corrected Memorandum Opinion and Order, entered in Southern States v. ISP Co. et al., Civil Action no 1:00cv167, held that Steptoe & Johnson, PLLC, was disqualified from representing Southern States in claims arising from the alleged poisoning of I.S.P./Garvin's horses due to conflict of interest. In the disqualification of counsel dispute, James M. Wilson, of Steptoe & Johnson, PLLC, filed an affidavit stating that legal representation of Southern States in connection with I.S.P.'s poisoning claim and a possible defamation claim against Garvin began in July, 2000. Wilson also averred he assigned the claims to Amy Smith, of Steptoe & Johnson, PLLC, for handling. Amy Smith's affidavit in the disqualification of counsel dispute also establishes the commencement of her involvement in the claims as of July, 2000.

## Discussion

The issuance of the subpoena, pursuant to Rule 45 in the context of this case, constitutes discovery. Generally, a Rule 45 subpoena duces tecum constitutes "discovery," which must be filed

and served prior to the close of the discovery period. Dreyer v. GACS, Inc., 204 F.R.D. 120, 122 (N.D. Ind. 2001); Mortgage Information Services, Inc. v. Kitchens, 210 F.R.D. 562, 566 (W.D.N.C. 2002); Marvin Lumber and Cedar Co. v. PPG Indus., Inc., 177 F.R.D. 443, 443-444 (D. Minn. 1977); Intergra Lifesciences I, Ltd. v. Merck, 190 F.R.D. 556, 561 (S.D.Cal. 1999).[1]

There are situations where a subpoena duces tecum may not constitute discovery. For instance, it has been held that "a Rule 45 subpoena may be employed to secure the production at trial of original documents previously disclosed by discovery." Mortgage Information Services, Inc. v. Kitchens, *supra* at 567, citing Puritan Inv. Corp. v. ASLL Corp., No. Civ. A. 97-1580, 1997 WL 793569, holding "[t]rial subpoenas may be used to secure documents at trial for the purpose of memory refreshment or trial preparation or to ensure the availability at trial of original documents previously disclosed by discovery."

This case, however, is not such a case. The following portion of Plaintiffs' response to the motion to quash unequivocally establishes the intent as "discovery": "The essence of the Plaintiffs' request for records from Steptoe & Johnson is to determine what role the attorneys for Steptoe & Johnson played in the initial stage of Mr. Garvin's claim relating to the poisoning of his horses. . . . It is crucial for the Plaintiffs to determine whether there was any cover-up or misrepresentation made by Smith in preparing the denial letter four (4) days after Mr. Garvin made his written demand and before the investigation and testing were completed, which, according to Ms. Boraas' testimony, was the responsibility of Steptoe & Johnson's attorneys, in particular, Amy Smith. . . . If there are

---

[1] Federal Document Subpoenas and Discovery Deadlines, 34 MD. B.J. 54 (Sept./Oct. 2001) by Randolph S. Sergent notes that the issue is an open question in the Fourth Circuit but that there is an emerging majority in the federal courts that have considered the issue that consider a Rule 45 subpoena to be discovery and if it is untimely filed and served following the close of the discovery period, the subpoena may be quashed as untimely.

no attorney records prior to July 20, 2000, and/or no engagement or retention letter, that will indicate that Smith was not acting in a legal capacity, but as an investigator and her records can be used to support Plaintiffs' bad faith claim under Barefield, supra." (Response DE 112, pp. 2, 4 and 5.)

It is undisputed that the Amended Scheduling Order, entered February 12, 2007, set completion of discovery for June 11, 2007. (DE 78.) It also cannot be disputed that the Court's Amended Scheduling Order provided the following with respect to completion of discovery:

> All discovery shall be completed by June 11, 2007. "Completed discovery" as used in Fed.R.Civ.P 16(d) means that, within the time limits set, all discovery, objections, motions to compel, and all other motions and replies relating to discovery in this civil action have been filed and the party objecting or responding has had sufficient time under the Federal Rules of Civil Procedure to make responses. The term "all discovery" in the preceding definition of "completed discovery" includes the disclosures required by Fed. R. Civ. P. 26(a)(1), (2) and (5), but does not include the disclosures required by Fed. R. Civ. P. 26(a)(3). . . .
> The conduct of any discovery which would require a later time limit shall be permitted only on the order of the Court or by filed stipulation of the parties, and only in cases that will not be delayed for trial thereby.

As previously noted, it is apparent to the Court that Plaintiffs are seeking discovery of information in attorneys files which they believe will support their claims of unfair settlement practice act violations made in their Complaint, Amended Complaint and now, their Second Amended Complaint filed herein. Plaintiffs' claims are against Southern States Insurance Exchange Company and Ann Boraas. Plaintiffs have asserted no claims in the within civil action against Steptoe & Johnson, PLLC, or any attorney who was a member of that firm at the time it was representing the Defendant, Southern States Insurance Exchange Company or Southern States Cooperative, Incorporated, a party in the underlying and now completed defamation and damage to horses litigations.

Plaintiffs originally sought the information being now sought by the subject subpoena through a subpoena served on Amy Smith, attorney, and Steptoe & Johnson, PLLC, which subpoena

was quashed by order of this Court, dated May 15, 2007. (DE 96.)

No stipulation of extension of discovery was entered into by Plaintiffs and Defendants.

As "completion of discovery" is defined by the Court's Amended Scheduling Order, Plaintiffs' subpoena duces tecum, which is the subject of the present motions to quash, is clearly outside of the period allowed by the Court's Order for completion of discovery.[2]

Plaintiffs' contention that the subject subpoena is nothing more than a continuation of the prior subpoena which was quashed without prejudice ignores the facts and is not persuasive.

First, the prior subpoena was quashed and, insofar as it may have been an active tool of discovery, it ceased with the Court's order.

Second, the prior subpoena was not issued in the within civil action as found in the prior order of the Court.

Third, the present subpoena is more specific and, therefore, different than the prior subpoena.

Fourth, the Court's Order quashed the prior subpoena without prejudice. To read into the Court's Order that it was a "green light" to file another discovery subpoena out of time ignores the factual basis existing and considered by the Court in the prior ruling. This Court's Order quashing the prior subpoena without prejudice did not extend discovery or in any way or give Plaintiffs permission to seek discovery through the discovery process outside of the cutoff date.

There is nothing about the present subpoena that is a continuation of the prior subpoena except for Plaintiffs' general continuing effort to discover what is in the files of counsel.

Plaintiffs have known of Smith and Steptoe & Johnson's involvement in this case since July, 2000. As this case nears its conclusion, Plaintiffs cannot now be heard to complain that they did not

---

[2]The subpoena itself was returnable on June 15, 2007, approximately four (4) days after the Court ordered close of discovery.

know and could not have used the discovery processes (Rule 45) earlier in the Court ordered discovery time period to obtain the information they now seek.

To permit the Plaintiffs to enforce the present out-of-time subpoena duces tecum would upset the timely and orderly preparations leading to dispositive motions by June 25, 2007, pretrial order by September 28, 2007, and trial on October 22, 2007, as required by the Court's Amended Scheduling Order of February 12, 2007. (DE 78.) (Dreyer v. GACS Inc., *supra* at 123)[3].

Because Plaintiffs' subpoena duces tecum to the non-parties, Steptoe & Johnson, PLLC, is a discovery tool and could not be completed prior to the close of discovery under the Court's Order and because no extension of that discovery cut-off date was obtained and there was no stipulation to extend the discovery deadlines, it is unnecessary for the Court to determine whether the attorneys files sought by the subpoena were privileged or whether those claims of privilege (attorney client and attorney work product) were properly claimed, could now be properly claimed or were waived.

## Decision

For the reasons set forth herein, the Motion to Quash Subpoena (DE 105) is **SUSTAINED** and the subpoena to Steptoe & Johnson, PLLC, dated June 4, 2007, is accordingly **QUASHED.**

---

[3]"Rule 45 Subpoenas, which are intended to secure the pre-trial production of documents and things, are encompassed within the definition of 'discovery,' as enunciated in Rule 26(a)(5) and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery." *Marvin Lumber,* 177 F.R.D. at 443. "[T]o allow a party to continue with formal discovery-that is, discovery which invokes the authority of the Court-whether in the guise of Rule 45, or any of the other discovery methods recognized by Rule 26(a)(5), after the discovery deadline unnecessarily lengthens [the] discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial [.]" *Id.* at 445; *cf. In re Application of Time, Inc.,* 1999 WL 804090, at *7 (E.D.La. Oct. 6, 1999) (holding that subpoenas duces tecum "are discovery devices which, although governed in the first instance by Rule 45, are also subject to the parameters established by Rule 26.").

It is so **ORDERED**.

The Clerk of the Court is directed to provide an authenticated copy of this Order to counsel of record.

Respectfully submitted this 28TH day of August, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE